Filed 3/5/2025 12:29 PM
Amy Fincher, County Clerk
Angelina County, Texas
By: Nathan Johnson,
Deputy Clerk

CAUSE NO. 059-25-CV
_____

| | | |
|---|---|---|
| **BRIAN BRIGGS AND ANABEL BRIGGS** | § | **IN THE COUNTY COURT** |
| **Plaintiffs,** | § | |
| | § | |
| | § | **AT LAW NO. ____** |
| **VS.** | § | |
| | § | |
| **ALLSTATE INDEMNITY COMPANY** | § | |
| **Defendant.** | § | **ANGELINA COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION
## AND
## APPLICATION FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, Brian Briggs and Anabel Briggs (herein collectively "Plaintiff"), and files this Plaintiff's Original Petition and Application for Declaratory Relief complaining of Defendant Allstate Indemnity Company, (herein or "Defendant"), and for cause of action shows the Court the following:

### I. DISCOVERY CONTROL PLAN& RULE 47(c) STATEMENT

1.1    Discovery in this matter is governed by T.R.C.P. Rule 169, the Expedited Actions Process and T.R.C.P. Rule 190.2. The expedited actions process applies to a suit in which all claimants, other than counter-claimants, affirmatively plead that they seek only monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

1.2.    Plaintiff affirmatively pleads that Plaintiff seeks only monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Plaintiff does not anticipate same will be necessary, however Plaintiff reserves the right to remove this suit from the Expedited Actions Process and modify the discovery control

**EXHIBIT A-2**

plan to Level 2 or 3 upon a motion showing good cause.

  1.3. Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs and a demand for judgment for all the other relief to which the Plaintiff is deemed entitled. Tex. R. Civ. P. 47(c)(1).

## II. PARTIES

  2.1 Plaintiff, Brian Briggs, is an individual who resides in Angelina County, Texas, and may be served through her attorney of record at the address below.

  2.2 Plaintiff, Anabel Briggs, is an individual who resides in Angelina County, Texas, and may be served through her attorney of record at the address below.

  2.3 Defendant Allstate Indemnity Company ("Defendant") is a foreign insurance company engaged in the business of insurance in the State of Texas. **Service of process is requested to be effectuated by a private process server on said Defendant by delivering the Citation and a copy of the Original Petition to said Defendant and/or Defendant's registered agent at:**

   **C T CORPORATION SYSTEM;**
   **1999 BRYAN ST STE 900;**
   **DALLAS, TX 75201**

**Plaintiff requests that the clerk issue a copy of the citation to the undersigned at service@palkerlaw.com to ensure service will be promptly effectuated.**

## III. JURISDICTION

  3.1 This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court as verified by Plaintiff Rule 47(c)

**EXHIBIT A-2**

statement, *supra*.

3.2     This Court has jurisdiction over Defendant because this Defendant is an insurance company which has purposefully availed itself to the jurisdiction of the State of Texas by engaging in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

### IV. VENUE

4.1     Venue is proper in Angelina County, Texas, because the insured property, subject to this suit, is situated in Angelina County, Texas. TEX.CIV.PRAC. & REM. CODE §15.032.

### V. FACTS:
### WRONGFUL DENIAL AND/OR UNDERPAYMENT OF A COVERED CLAIM

5.1.    Plaintiff purchased a policy from Defendant, insuring Plaintiff's property against certain losses. The Policy number was 000436189153 (hereinafter referred to as "the Policy")

5.2     Plaintiff maintains an insurable interest in the insured property, which is located at 2807 Moffett Rd Lufkin TX 75901 (hereinafter referred to as "the Property").

5.3.    On or about 05/03/2024, The Property sustained serious structural damage as a result of a covered loss under The Policy (the "Covered Loss Event"). Specifically, the Property was damaged as a result of severe windstorm conditions. Shortly thereafter, Plaintiff made a claim and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). The subject claim number is 0753727585.

5.4     Subsequent to Plaintiff making the Claim, Defendant assigned a local adjuster, to adjust the claim ("The Adjuster"). The adjuster failed to adequately adjust Plaintiff's claim. The adjuster performed only a cursory inspection of Plaintiff's reported damages and failed to adjust for proper construction materials and methods. The adjuster made incorrect coverage determinations and misrepresented the scope of Plaintiff's damages to Plaintiff, thereby vastly

**EXHIBIT A-2**

underpaying Plaintiff's legitimate claim for covered losses.

5.5    After having the damages reevaluated by a qualified contractor, Plaintiff sent Defendant a demand for payment of the claim in compliance with Tex. Ins. Code Sec. 542A.003. In response, Defendant failed to tender adequate payment to which Plaintiff is entitled and this matter is now ripe for litigation.

5.6    Plaintiff requested that Defendant cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the property as well as those within the interior.

5.7    Defendant has wrongfully delayed and denied payment of the balance due to Plaintiff for the Claim. Based upon information and belief, and as a basis for this delay and denial, Defendant has relied upon an inadequate and under-scoped adjustment which claims that the cost of repair for damages to Plaintiff's property were substantially less than the actual cost of repairs.

5.8    Pleading in the alternative, Plaintiff's actual covered damage and losses to the Property as a result of the Covered Loss Event, including the costs of temporary repairs and alternative living expenses, have caused other consequential damages to be sustained by Plaintiff herein. Defendant is liable for these consequential damages due to its failure to promptly and sufficiently pay the claim.

5.9    Pleading in the alternative and based upon information and belief, the Adjuster was compensated for each claim the Adjuster adjusted on behalf of Defendant and/or other combination of compensation tied to the quantity of claims adjusted. So long as the Adjuster adjusted claims favorably for Defendant, the Adjuster would continue receiving additional

EXHIBIT A-2

assignments, thereby creating a pecuniary interest for the Adjuster to minimize the scope and pricing of damages identified during a property inspection.

5.10.    Pleading further and in the alternative, if necessary, the Adjuster was negligent, reckless, and/or acted intentionally knowingly, fraudulently, and with malice in violating Defendant's written policies as they relate to claims handling practices by failing to fully investigate and document all damage to the Property and by failing to fully investigate and evaluate the Plaintiff's insured losses based upon local replacement and/or repair costs for each item of damage. Alternatively, Defendant's own written claims handling policies were designed to defraud policyholders such as Plaintiff.

5.11.    The Adjuster, on behalf of Defendant, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiff as a licensed claims adjuster. Such acts and omissions were producing and proximate causes of the damages and losses sustained herein by Plaintiff resulting in the denial and/or underpayment of Plaintiff's claim; to wit:

a)    The Adjuster failed to properly investigate and inspect the Property during repair of the property which would have revealed other damages arising out of the Covered Loss Event;

b)    The Adjuster failed to and/or refused to properly interview Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the property's pre-loss condition;

c)    The Adjuster refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist in Property that has

EXHIBIT A-2

undergone the type of damage of the severity that Plaintiff's Property sustained;

d)    The Adjuster failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by local contractors for the repair, replacement and restoration of the Plaintiff's Property due to the Covered Loss Event damage;

e)    The Adjuster performed only a cursory inspection of the exterior and interior of the insured Property, spending insufficient time at the Property to properly assess all items of damage; and failed to properly assess, estimate and include covered damage to the property in the report and adjustment of loss to Defendant for the damages resulting from the Covered Loss Event and/or note other damages existing to the Property at the time of inspection such as plumbing, appliances, ceilings and walls that sustained damage as a result of the Covered Loss Event;

f)    Pleading in the alternative, the Adjuster, during the investigation of the Plaintiff's claim, made coverage decisions, which the Adjuster was not qualified and/or authorized to perform, by failing to include all damages sustained to the Property, thus submitting an inaccurate and false report of Plaintiff's Covered Loss Event claim and its losses to Defendant;

g)    Defendant fraudulently represented to Plaintiff verbally and by conduct, insisted that the majority of the damages to the Property were not related to the Covered Loss Event made basis of this suit; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was related and should have been included in the

EXHIBIT A-2

Adjuster's reports to Defendant. Based upon information and belief, Defendant's acts and omissions as they pertain to the mishandling of Plaintiff's claim were largely dependent and proximately caused by its reliance on the report/adjustment produced by the Adjuster, whom it knew, or reasonably should have known, was biased and hence, under-scoped the damages.

5.12.    Based upon information and belief, Defendant failed to thoroughly review the fraudulent and inaccurate assessment of the Claim as produced by the Adjuster and ultimately approved the Adjuster's inaccurate reports of the damages to the Property.

5.13.    The mishandling of Plaintiff's claim has also caused a delay and hardship in the ability to fully repair the Property, which has resulted in additional damages in terms of the loss of use of the Plaintiff's Property and mental anguish as a result thereof.  In spite of Plaintiff's good faith efforts and/or intent to mitigate damages as required under the terms of the policy, Defendant's bad faith and unlawful claims adjusting practices has left Plaintiff in a vulnerable financial state without adequate resources to repair and/or replace damaged structures, thereby causing additional damages.

5.14    In the alternative, without waiving the foregoing, and based upon information and belief, Defendant instructed the Adjuster to follow their claims processing guidelines of in connection with the claims handling process for Plaintiff's claim.  Defendant was responsible for training, overseeing, and supervising its claim representatives and adjusters handling claims like Plaintiff's claim. Defendant was responsible for – and had a legal duty – to hire and retain competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with its policy holders in the practice of insurance claims handling.  Defendant breached such duties in connection with the Claim by failing to properly

**EXHIBIT A-2**

train, direct and oversee the claims handling practices employed by the Adjuster. Alternatively, Defendant – either directly or through an anti-policyholder culture – purposefully instructed the Adjuster to ignore good faith claims handling practices contained in its written training materials and deliberately instructed the Adjuster to actively attempt to deny, underpay, underscope, and minimize damages claimed by policyholders such as Plaintiff.

5.15    At all times material herein, Defendant had a non-delegable contractual legal duty to timely, fairly and in good faith investigate, process, adjust, timely pay, and re-adjust claims for all covered losses sustained by its policyholders, such as Plaintiff. Defendant represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policyholders as an inducement for them to purchase and continue to renew homeowners and property insurance policies. Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to property losses, Plaintiff relied on such misrepresentations to Plaintiff's detriment, and hence (1.) purchased the Policy from Defendant, and (2.) accepted the estimate of damages from Defendant Adjuster which, unknown to Plaintiff, included denial and underpayment of covered losses and damages sustained. Defendant made such representations knowing they were false and with the intent that Plaintiff rely on such representations.

5.16.    Upon information and belief, Defendant, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiff herein by assigning the Adjuster to adjust and handle Plaintiff's claim, is responsible for the acts of omission and commission set forth herein and above in connection with the Adjuster's investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiff as set forth herein.

**EXHIBIT A-2**

5.17    Based upon information and belief, Defendant distributed training, educational, and instructional materials to its field claim representatives and adjusters such as the Adjuster and held meetings and issued directives to the field instructing how Defendant wanted claims like Plaintiff's to be handled. Defendant, through directives to its adjusters like the Adjuster, tasked those adjusters assigned to Plaintiff's claim with handling such losses in line with Defendant's policy and procedures. Defendant communicated and disseminated claims handling practices and methodologies to its field adjusters such as Defendant Adjuster of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in reports of losses to the Property. These policies served to fuel and motivate the Adjuster's individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiff as set forth herein.

5.18    Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

5.19    From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and

**EXHIBIT A-2**

fair dealing.

5.20   Pleading in the alternative, Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

5.21   As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys who are representing Plaintiff with respect to these causes of action. Said professional services have caused Plaintiff to incur attorney's fees which are recoverable as a matter of law due to the unlawful conduct committed by Defendant.

5.22   Based upon information and belief, Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to the handling of these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VI. FACTS:
## UNLAWFUL UNDERWRITING AND POLICY CANCELLATIONS

6.1.   Pleading further and in the alternative, Defendant has canceled Plaintiff's policy, causing damages.

6.2.   Texas Insurance Code Sec. 551.103 provides that "an insurer has canceled an insurance policy if the insurer, without the consent of the insured: (1) terminates coverage provided under the policy; (2) refuses to provide additional coverage to which the insured is entitled under the policy; or (3) except as provided by Section 551.1055, reduces or restricts coverage under the policy by endorsement or other means." Texas Insurance Code Sec. 551.111 provides that "a cancellation of an insurance policy made in violation of this subchapter has no effect."

Plaintiff's Original Petition and Application for Declaratory Relief          Page 10

**EXHIBIT A-2**

6.3.    Defendant, in the general course of its business, systematically renews policies in violation of the Texas Insurance Code, thereby causing damages to insureds, such as and including, Plaintiff. Specifically, on policy renewals, Defendant systematically adds policy endorsements which contain material changes. These endorsements reduce coverage, change conditions of coverage, and change the duties of policyholders. Some common endorsements which Defendant is known to routinely slip into policies on renewals include, but are not limited to: (1.) endorsements reducing coverage – in whole or in part – from replacement cost value coverage to actual cash value coverage, (2.) endorsements which increase deductibles, based on the type of loss (e.g. "wind/hail" deductibles and "named storm" or "tropical cyclone" deductibles), (3.) endorsements which reduce or eliminate coverage if insureds don't report claims before arbitrary deadlines, (4.) endorsements which reduce payments for roof damages, subject to a schedule, (5.) endorsements which wholly exclude coverage to the property's roof, and (6.) endorsements which exclude coverage for cosmetic damages. These are not the only endorsements which Defendant is known to slip in at renewal, but these specific endorsements have rampant echoing negative effects on insureds throughout this jurisdiction upon discovery. These endorsements are systematically and routinely added to policies by Defendant without complying with Texas Insurance Code Sec. 551.1055 and are therefore unlawful cancelations.

6.4.    Texas Insurance Code Sec. 551.1055 and Texas Insurance Code Sec. 2002.102 provide that a "material change" means a change to a policy that, with respect to a prior or existing policy: (1) reduces coverage; (2) changes conditions of coverage; or (3) changes the duties of the insured. Further, Defendant adding policy endorsements which contain material changes does not, in itself, constitute a cancelation or a nonrenewal of that policy, so long as the endorsement is added to the policy in compliance with Tex. Ins. Code Sec. 551.1055.

EXHIBIT A-2

6.5.     Tex. Ins. Code Sec. 551.1055(b) and Texas Insurance Code Sec. 2002.102(b)
require that the "insurer," provides written notice to the insured of any material changes.

6.6.     Defendant systematically does not provide the requisite written notice to any
policyholders, and specifically did not provide any such written notice to Plaintiff at the time of
policy renewal. Instead, on multiple occasions at policy renewals, year after year, Defendant
treated Plaintiff as it treats all policyholders – with deception and malice – by adding policy
endorsements which reduced coverage, prejudicing Plaintiff's rights to recovery following the
occurrence of a covered cause of loss.

6.7.     It is all too common that policyholders, including Plaintiff, purchase suitable
policies from Defendant at the time of policy inception. These policies often provide
Replacement Cost Value Coverage and low deductibles. However, year after year, at renewals,
coverage is reduced unlawfully by endorsements. Once policyholders actually sustain damages,
they are often shocked to learn that their replacement cost value coverage has been reduced to
actual cash value, and their deductibles have multiplied. Insurers such as Defendant then hide
behind these policy declarations and endorsements in a knowing and intentional plot to deprive
policyholders such as Plaintiff of the coverages which were promised at the time of policy
inception.

6.8.     To effectively add an endorsement to a policy at renewal, the "insurer" must
provide written notice which must: "(1) appear in a conspicuous place in the notice of renewal;
(2) clearly indicate each material change to the policy being made on renewal; (3) be written in
plain language; and (4) be provided to the insured not later than the 30th day before the renewal
date." Tex. Ins. Code Sec. 551.1055(c).

EXHIBIT A-2

6.9.    Defendant systematically does not provide any written notice to its policyholders of material changes to policies at the time of policy renewal and did not provide any such notice to Plaintiff. Pleading further, and in the alternative, if necessary, when Defendant does provide written notice, it is not conspicuous, it does not clearly indicate the material changes being made to the policy, it is not written in plain language, and it is not provided to the insured 30 days before the renewal date. Moreover, when renewal notices are provided to policyholders, often the notice comes from the policyholders' insurance agents – not from Defendant as specifically required by statute. This systematic pattern has even been recognized by the Texas Department of Insurance's Commissioner. *See* TDI Commissioner's Bulletin B-0022-20 (stating, "TDI has received complaints about insurers not fulfilling some of these requirements," and further providing examples of widespread unlawfulness that has been uncovered recently committed by numerous insurers).

6.10.    Defendant has acted unlawfully to reduce Plaintiff's coverage at policy renewals on multiple occasions. These coverage reductions constitute cancellations and have no effect as a matter of law. Plaintiff is entitled to the coverages which were afforded under the policy at policy inception because Defendant failed to comply with Tex. Ins. Code Sec. 551.1055.

## VII. APPLICATION FOR DECLARATORY RELIEF

7.1.    This action is being brought pursuant to Chapter 37 of the Texas Civil Practices & Remedies Code.

7.2.    Section 37.004 of that Chapter states, in relevant part: "[a] person … whose rights, status or other legal relations are affected by a … contract … may have determined any

---

**EXHIBIT A-2**

question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

7.3.    In this case, an actual and justiciable controversy has arisen between the parties concerning Plaintiff's contract of insurance. Plaintiff's contract of insurance contains numerous endorsements and policy reductions which are not original to the insurance policy which Plaintiff bargained for at the time of policy inception. These endorsements and reductions of coverage constitute material changes to the contract and were not added to the contract in compliance with Tex. Ins. Code Sec. 551.1055, and therefore, they constitute cancellations and have no effect as a matter of law.

7.4.    Plaintiff accordingly requests that this Court find that:

1.    Plaintiff purchased an insurance policy from Defendant;

2.    At policy renewal(s), Defendant added endorsements to the policy, which were material changes and reduced coverage;

3.    Defendant added these policy endorsements and reductions of coverage to the policy without complying with Tex. Ins. Code Sec. 551.1055; and

4.    Because Defendant did not comply with Tex. Ins. Code Sec. 551.1055, these portions of the policy constitute cancellations and have no effect as a matter of law; and therefore,

5.    Plaintiff is entitled to coverage as it was promised at the time of policy inception.

**EXHIBIT A-2**

7.5.      Plaintiff additionally moves this Court to award attorney's fees, the amount of which to be supplemented upon completion of necessary discovery, based on the Texas Civil Practices & Remedies Code Section 37.008.

## VIII. CAUSE OF ACTION AGAINST DEFENDANT – NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

8.1      Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-7.5 and incorporate the same herein by this reference as if here set forth in full.

8.2      Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

8.3      Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

8.4      Defendant failed to explain to Plaintiff the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

8.5      Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct

**EXHIBIT A-2**

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

8.6    Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

8.7    Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

8.8    Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

8.9    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## IX. CAUSE OF ACTION AGAINST DEFENDANT – FRAUD

9.1    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-

**EXHIBIT A-2**

8.9 and incorporate the same herein by this reference as if here set forth in full.

      9.2      Defendant is liable to Plaintiff for common law fraud.

      9.3      Defendant represented in its policy that damages resulting from a covered loss such as this claim would be insured. Plaintiff, to Plaintiff's detriment, purchased Defendant's policy in exchange for a benefit Defendant knew the Plaintiff would not receive. Plaintiff further relied to Plaintiff's detriment upon the false, fraudulent, and deceptive acts and practices employed by Defendant, in performing an inspection, investigation and evaluation of Plaintiff's claim. Plaintiff was not knowledgeable in the manner and scope required to investigate such a loss, nor knowledgeable in insurance loss coverage issues and were not aware of the deceptive, fraudulent practices which required that they hire an independent adjuster after the delays and failure to provide the promises adjusting services were discovered.  Defendant, based upon its experience, special knowledge of structural loss issues resulting from covered losses such as this one and insurance coverage issues were able to deceive Plaintiff into believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjuster and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid. Moreover, Defendant intentionally slipped reductions of coverage and endorsements into Plaintiff's policy repeatedly at the time of policy renewals without required statutory notices. Plaintiff relied on Defendant's pledges of full coverage which were promised at the time of policy inception, and Plaintiff suffered damages by virtue of continuing to remit premium payments, notwithstanding Defendant's concealed orchestrated efforts to scale down the coverages provided to Plaintiff, year after year.

      9.4      Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud,

EXHIBIT A-2

take advantage of and deny and/or undervalue the property losses sustained by Plaintiff. Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiff. Plaintiff relied to its detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiff sought representation of the undersigned counsel in an attempt to expedite the resolution of this claim dispute without unnecessary litigation. However, Defendant has recalcitrantly failed to pay funds which are owed on this claim in which Defendant's liability to pay is clear. These undue expenses and delays were solely incurred due to the acts of Defendant in failing to perform the duties what it was required to perform Texas Insurance Code and the contract of insurance

9.5    The conduct of Defendant has prolonged Plaintiff's hardship of restoring the damaged property and increased the expense of relocation and alternative living arrangements. Defendant knew at the time the misrepresentations and fraudulent conduct occurred (as described above) that the representations contained in the estimate of loss were untrue and communicated those representations to Plaintiff which were false. Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods relating to material facts for the reason that absent such representations, Plaintiff would not have acted as Plaintiff did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

9.6    Defendant made statements and performed actions with the intention to manipulate Plaintiff to act as Plaintiff did, thereby causing Plaintiff to suffer injury and constituting common law fraud.

**EXHIBIT A-2**

## X. CAUSE OF ACTION AGAINST DEFENDANT – CONSPIRACY TO COMMIT FRAUD

10.1    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-9.6 and incorporate the same herein by this reference as if here set forth in full.

10.2    Defendant is liable to Plaintiff for conspiracy to commit fraud. Defendant, through its relationships with adjusters, and/or third-party claims adjusting firms, was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendant committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result. Plaintiff does not seek damages from conspirators other than Defendant, but reserves the right to amend this pleading.

## XI. CAUSES OF ACTION AGAINST DEFENDANT – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

11.1    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-10.2 and incorporate the same herein by this reference as if here set forth in full.

11.2    Defendant is liable to Plaintiff for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

11.3    Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

11.4    Defendant's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

11.5    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by

**EXHIBIT A-2**

the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## XII. CAUSES OF ACTION AGAINST DEFENDANT – RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

12.1    The Adjuster, whose conduct is referenced herein and above, was acting as an agent of Defendant at all material times made the basis of Plaintiff's Claims and such acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant, the insurer. TEX.INS.CODE §4001.051.

12.2    Separately, and/or in the alternative, as referenced and described above, Defendant ratified the actions and conduct of Defendant Adjuster including the manner in which they discharged or failed to properly discharge their duties under the common law and applicable statutory laws and regulations.

## XIII. CAUSES OF ACTION AGAINST DEFENDANT – DTPA VIOLATIONS

13.1.    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-12.2 and incorporate the same herein by this reference as if here set forth in full. Plaintiff is a consumer under the DTPA and Defendant is liable under Tex. Bus. & Com. Code Ann. § 17.46 for one or more of the following violations, to-wit:

(a)    False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

(b)    Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

(2)    causing confusion or misunderstanding as to the source, sponsorship,

EXHIBIT A-2

approval, or certification of goods or services;

(3)    causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(5)    representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(7)    representing that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another;

(12)    representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(24)    failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

13.2.    Plaintiff asserts that Plaintiff relied on one or more of the foregoing to Plaintiff's detriment on said false and or misleading representation, and that said reliance is a producing cause of their damages. Further, said reliance was a substantial factor in bringing about the injury, without which the injury would not have occurred.

13.3.    Plaintiff also seeks relief under TBCC Sec. 17.50(a)(2) for Defendant's breaches of express and implied warranties as alleged herein.

13.4.    Plaintiff also seeks relief under TBCC Sec. 17.50(a)(3) for Defendant's unconscionable courses of conduct – both substantively and procedurally – as alleged herein.

**EXHIBIT A-2**

13.5.   Plaintiff further asserts that Defendant's conduct was committed knowingly and as a consumer under the DTPA, Plaintiff seeks mental anguish damages and further seeks enhanced damages for said mental anguish and economic damage up to three times the actual amount as determined by the trier of fact.

### XIV. KNOWLEDGE AND INTENT

14.1   Each of the acts described above, together and singularly, was done "knowingly," and "intentionally" as those terms are used in the Texas Insurance Code and/or the Deceptive Trade Practices Act, and was a producing cause of Plaintiff's damages described herein.

### XV. DAMAGES

15.1   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

15.2   As previously stated, the damages caused by the Covered Loss Event were not fully paid by Defendant and have not been properly addressed in the time since the covered loss event, causing further damages to Plaintiff financially in terms of paying for covered losses when such obligation was that of Defendant, which has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

15.3   For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim losses and expenses, together with attorney's fees.

15.4   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing

conduct of the acts described above, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE §541.152.

15.5    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as ten percent (10%) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

15.6    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

15.7    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

15.8    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

15.9    For violations of the DTPA, Plaintiff is entitled to receive economic damages, attorney's fees, interest, mental anguish, and up to three times certain damages for knowing and/or intentional violations committed by Defendant.

### XVI. RESERVATION OF RIGHTS

16.1    Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff

EXHIBIT A-2

reserves the right to amend this petition to add additional counts upon further discovery as investigation continues.

## XVII. CONDITIONS PRECEDENT

17.1    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

## XVIII. JURY DEMAND

18.1    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Angelina County, Texas.  Plaintiff will tender the appropriate jury fee prior to the deadline set forth in the Texas Rules of Civil Procedure.

## XIX. INITIAL DISCLOSURES

19.1    In accordance with T.R.C.P. Rule 194.1, Plaintiff requests that Defendant provide to Plaintiff the information or material described in Rule 194.2, 194.3, and 194.4. To the extent that production of same proves too voluminous or impracticable as contemplated in T.R.C.P. Rule 194.1(b), Plaintiff requests that Defendant state a reasonable time and place for the production and in-person inspection of same.

## XX. PRAYER

20.1    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. Plaintiff also prays for declaratory relief as pled herein. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any

**EXHIBIT A-2**

other and further relief, either at law or in equity, to which Plaintiff may show Plaintiff is entitled

to.

Respectfully submitted,

**PALKER LAW FIRM, PLLC**
4428 S. McColl Rd.
Edinburg, TX 78539
Telephone: (956) 320-0270
Email: service@palkerlaw.com


By:    */s/ Jason Palker*
       JASON PALKER
       State Bar No. 24108248
       VICTOR J. GONZALEZ JR.
       State Bar No. 24108185
**ATTORNEYS FOR PLAINTIFFS**

**EXHIBIT A-2**